Good morning. Anthony Coidmore representing the appellant Mohamed Abdelsalam. I'd like to reserve two and a half minutes. Just keep track of the clock. Sorry? Just keep track of the clock. Okay. As the Court knows, this is an appeal from a grant of summary judgment to the defendants. Originally there were five causes of action. It was granted on all five. We appeal on only one, that is the fourth cause of action, which was an interference with prospective contractual relations. That cause of action was against defendants both United and Unitran, United being the employer of the appellant, Unitran being the parent company. The grant of summary judgment was made on the basis that there was no contract between the plaintiff and the third party with which the defendants could interfere. There were two separate contracts pled, as the Court knows. One was a short-term disability policy. The second was a long-term disability policy. We indicated that the defendants interfered with both. The moving papers did as to the long-term policy. The moving papers, the notice of motion, the undisputed material facts and support, nowhere is it mentioned about the long-term policy. Those words aren't even mentioned. It was a motion for a complete summary judgment. Correct. It wasn't a motion for partial. Well, it was partial and complete, but it was complete also. So that suggests that everything is at play. Correct. Also in the motion, United says plaintiff's legal claim for intentional interference with prospective contractual relations fails as a matter of law because there's no third-party contract that's general across the board. Correct. So doesn't that put you on notice? And why didn't you defend this motion? Well, the reason I didn't defend the motion is because we were in mediation with a retired district court judge. We had been granted two separate continuances of the hearing on the motion because of the judge's indications that he was making progress. Motions had been made. Stipulations had been entered into. And, in fact, the district court didn't grant the last continuance until four days after the last day to file opposition. Then again, the mediator said there are more documents. Please get them, says to the defendants. They're going to get them. We made another motion, but this time omitted to ask for an amendment of the pretrial order. And it was denied four days after the last day to. . . That's a lot of explanation. But, I mean, if you're facing a motion for complete summary judgment and you're told by United you don't have a third-party contract, doesn't that fall upon you then to shuffle in and point out that you do? It does, but it doesn't lessen United's burdens. And their burdens on summary judgment are twofold. One is they have to meet an initial burden of production, which can be done in two ways, and a ultimate burden of persuasion. On the initial burden of production, it can either be met by putting forth affirmative evidence negating an essential element of the claim. They didn't do that. Is there anything in the record that shows that your client ever filed a claim for long-term benefits or that kind of a claim was turned down? Well, it isn't, but neither is it raised. Is it in the record? Well, it's in the record. It's in the complaint. But it wasn't raised on summary judgment. There were no facts brought out about it. So it had no third-party contract. I'm sorry? They said you had no third-party contract. I understand that. Addressing only the short-term policy, which they support by labeling this as a self-insured program. And it is self-insured, but it's self-insured by the parent company Unitrip, not by United. As to the long-term policy, they do have a burden, and their burden is to produce evidence that negates an essential element. They didn't do that. Did your client make a claim for a long-term? It did. It did, absolutely. Yes. Is it in the record someplace? Yes, it's in the complaint. Yes. It's in the complaint. Yes. Is it anywhere in the record? Well, no evidence was presented on that, no, because, I mean, his deposition says it, but that portion of the deposition was not attached to the motion because there was no issue raised on the motion on that. The only things that would have to be addressed in any event, if it were opposed, were the issues raised by the motion. That was never raised. The long-term was never addressed. The only evidence on the short-term policy, as I said, was this labeling. And that is insufficient under the cases to negate that essential element. The case that we cited of Nissan versus Fritz has a very good discussion of the ways in which summary judgment burdens can be met, explaining and reconciling the Supreme Court cases of Selatex and Atticus versus S.H. Kress. And in this case, the defendant attempted to meet their burden by negating an essential element, as in Atticus. Atticus was denied by the Supreme Court because, although there was evidence submitted by the moving party that there was no agreement between the police officers and the people at Kress's who refused to serve this white individual civil rights protester sitting with some blacks, the court indicated you didn't do enough. You didn't submit declarations from the waitresses saying that a police officer hadn't indicated you shouldn't serve these individuals. In other words, they have an obligation to negate an essential element. They didn't do that. Even on the short-term policy, the only thing they did is said that this is a self-insured policy of short-term disability. Did you do anything at all to oppose the motion on summary judgment? Once the motion for continuance was denied, I did file motions to seek to oppose it. That was denied. To seek relief on the basis of mistake. The district court wouldn't let you file that, right? They would not. That's true. I sought to file some papers on the basis of mistake, inadvertence, or excusable neglect. And there is evidence in the record that the insurer on the short-term policy is the parent company Unitron, so there is a third party. And on the long-term policy, there is evidence in the record that the insurer is Unum, a sister company of United. So there, too, is a third party. It's our position this Court has discretion to go beyond what was provided in the summary judgment to other matters in the record, which we have pointed out, which establish that the insurers on those two policies are entities other than United. Unum on the one, Unitron on the other. And since this Court reviews de novo, this Court has the same discretion as the Carmen v. San Francisco Unified School District said the district court has to consider those other matters. In appropriate cases, and we think that's appropriate because, number one, it wasn't – there wasn't an opportunity to oppose, and therefore, there's no presumption that the record was scoured. Number two, the evidence that's in the record makes it clear that the allowing this to stand would create an injustice, at the least, and perhaps even a fraud on the Court. I mean, for some reason, the moving parties didn't see fit, although they had the agreements, they're the company, to attach the real evidence, which would have shown the insuring parties. And in their 44 undisputed facts, they mention in passing on one fact, that is number 44, that by saying this, their HR manager says that Unum was the claims administrator on a self-insured, short-term disability – on United's self-insured short-term disability policy. That doesn't say who the insurer is. We've indicated that the definition of self-insured is simply setting aside a fund, a separate fund to meet losses, rather than through an insurance company. The parent company did that, and therefore, they are the insurer and there are third parties. Okay. Would you like to save the balance of your time? I would. Thank you. Okay. Good morning. Mike Betosch with the Porter, Scott, Weiber, Gundelhan Law Firm out of Sacramento. I represent United and Unitran in this appeal. I can be very brief with my comments here. As Mr. Poidmore pointed out, the focus is very narrow. It is on the fourth cause of action only. And within that cause of action, as the moving party for both of these entities, United and Unitran, only the summary judgment as to United is on appeal. Apparently, the plaintiffs have conceded the other issues that were before the district court and the grant of summary judgment as to Unitran, Inc. With regard to the moving papers on summary judgment, I think a fair read of those documents does address the entire spectrum of potential insurance policies that you're speaking to. But as to the fourth cause of action specifically from United, we only address directly the short-term disability policy. Clearly, and a read of the papers will show, that it does not specifically state that the long-term disability policy, which is a UNAM policy, is one that is being challenged specifically in that cause of action. Certainly, it was our intention to have a broader meeting, and through the usual briefing on summary judgment through opposition and reply, that would have been made more clear. So are you conceding it has to go back on that issue? Well. If you didn't identify it in the motion for summary judgment, what other choice do we have? And I'm willing to say that that is one fair assessment of it. Certainly, my preference would be that it was specifically in there in the moving papers that was our intention to have all of those, the two policies, so to speak, addressed. It seems pretty clear in paragraph 37 that he was raising the long-term disability. Paragraph 37 of the complaint tells me that the core cause of action was only as to the long-term disability policy. I think that is a fair read of that cause of action. It doesn't have anything to do with a cause of action based upon a denial of short-term benefits. And so whether a read of that in conjunction with our moving papers, which was the basis upon which the motion was brought, that is, we have the allegations, now we're bringing this motion, it does not specifically address the long-term benefits, and it should have. So with that said, I only mention in passing that the broader motion itself speaks to a summary judgment as to all causes of action and certainly moved for summary adjudication as to each cause of action. So, but again, there's no specific addressing of the long-term benefits under that. Just to finish on this, the issue having to do with the plaintiff not having an opportunity to brief these issues, I think, is disingenuous. Obviously, that opportunity was there. The time had passed. They did not move forward with that. There was perhaps an ongoing mediation with respect to this case. Presently or at that time? No, at that time. There was ongoing mediation at the time. And there is some question here about additional documentation. Now, I must say, clearly, that's not an issue of the record. But there was no additional documentation as well. It was one of those things as if there was more evidence to present to the mediator, let's bring that stuff forward. Well, ultimately, there wasn't. But whether that was a reason for asking the Court for a continuance, it certainly was the basis for the second continuance. The third continuance is a different matter altogether. And I will also say that, obviously, counsel was working well together. We stipulated to continue if the Court would allow that. And the Court allowed it twice. It simply said the third time around, I'm just not going to let you blow out my trial dates and pretrial dates to give you more time to mediate the case. So unless there are questions with that, I would submit. I don't see any. Thank you. Thank you. I think you had about a minute. Just a couple of items. Number one, the complaint, if we look at paragraphs, I think it's 24 and 25, which were incorporated then into the fourth cause of action, do indicate that he had both short-term and long-term. He applied for both. Both were denied. That's number one. Number two, as to the reasons, I think the reasons that it wasn't filed really aren't dispositive of this motion. I will indicate that additional documents, voluminous additional documents were, in fact, produced after the summary judgment time for opposing had gone by. On April 15th, we finally received the documents that had been promised for a long time. But getting back to the short-term policy again, the mere fact that somebody says there is no evidence is not sufficient. They attempted by affirmative evidence to negate an essential element. They failed. They raised perhaps an inference, but it certainly didn't negate that element of the claim. Since it didn't, it should remain in there, and the entire fourth cause of action should remain. If there's a practice pointer here, it's that with our busy dockets, it's not a happy day to have a case go up and down like this, when one side wasn't as specific as it should have been in the motion for summary judgment, and the other side didn't respond. We have a lot of work here without dealing with cases like this, where both sides are at fault for sloppy work. We agree. And that's why we filed the motion for relief for mistake in advertence. There was a stipulation. There was ongoing mediation in the past. The court had granted it past the time for filing opposition. I guess too much was assumed. Okay. Thank you. We appreciate your arguments. The matter will be submitted.
judges: Trott, T.G. Nelson, Paez